IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Oliver Swartz,<br><br>            Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>            Respondents. | No. CV 12-0023-TUC-FRZ (BPV)<br><br>**REPORT AND<br>RECOMMENDATION** |

On January 9, 2012, Petitioner, Stephen Oliver Swartz, filed a *pro se* "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254" ("Petition"). (Doc. 1.)[1] Respondents filed an answer to the Amended Petition ("Answer") with exhibits A through Z attached. (Doc. 13). Petitioner filed a reply ("Reply"). (Doc. 15.) Pursuant to this Court's order granting an additional thirty (30) days to file a supplement addressing the constitutional claims discussed in the order, (Doc. 18) Respondents filed a Supplemental Answer to Petition for Writ of Habeas Corpus ("Supplemental Answer"). (Doc. 19). Petitioner filed a Reply to Respondent's Supplemental Answer to Petition for Writ of Habeas Corpus ("Supplemental Reply") on February 22, 2013. (Doc. 20.)

The case has been referred to Magistrate Judge Velasco for all pretrial matters pursuant to Local Civil Rule 72.2, Rules of Practice of the U.S. District Court for the District of Arizona. (Doc. 6.) The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition.

---

[1] "Doc." refers to the documents in this Court's file.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Proceedings in the Trial Court

On July 2, 2009, in Pima County Cause Number CR-20083507 ("cause number '3507") Petitioner entered a plea of guilty to possession of a deadly weapon by a prohibited possessor, a class four felony. (Exs. A, B, and C.)[2] On October 8, 2009, in Pima County Cause Number CR-20093102, ("cause number '3102"), Petitioner entered a plea of guilty to second-degree burglary, a class three felony. (Exs. D, E and F.) On November 5, 2009, the trial court sentenced Petitioner to a 4.5-year term of imprisonment for the prohibited possessor conviction in cause number '3507 to be served consecutive to a 6.5-year term of imprisonment for the burglary conviction in cause number '3102. (Exs. G and H.)

### B.      Petition for Post-Conviction Relief

On November 23, 2009, Petitioner filed a notice and a form petition of post-conviction relief ("PCR") in cause number '3507. (Exs. I and J.) On November 30, 2009, Petitioner filed a notice of PCR in cause number '3102. (Ex. K.) The court, informally consolidating the two cause numbers, appointed counsel to represent Petitioner and set a deadline for filing the PCR. (Ex. L) The trial court granted two extensions of the PCR filing deadline, and on June 10, 2010, before the time for filing the PCR expired, Petitioner filed a *pro se* PCR in cause number '3507 alleging six grounds for relief: (1) ineffective assistance of counsel; (2) double jeopardy violations; (3) the grand jury proceedings violated Petitioner's right to due process; (4) insufficiency of the indictment; (5) unconstitutionality of the prohibited possessor statute; and (6) the prohibited possessor statute violates due process. (Ex. O.) On June 21, 2010, counsel filed a notice informing the trial court that she was unable to find a meritorious issue in either cause number '3507 or '3102, and requested additional time for Petitioner to amend his PCR and moved to withdraw as counsel. (Ex. P.) The trial court granted the additional time,

---

[2] Unless otherwise noted, exhibits attached to the State's Answer and Supplemental Answer, are referenced throughout as "Ex. ___."

and granted counsel's request to withdraw. (Ex. Q.) Petitioner did not file an amended petition, and the trial court summarily dismissed the Rule 32 proceedings on October 4, 2010, stating that Petitioner's Rule 32 petition failed "to present a material issue of fact or law which would entitle [him] to relief." (Ex. R.)

Petitioner filed a "Request for Statement of Findings of Fact and Conclusions of Law," prompting the trial court to affirm the summary disposition of the PCR and make findings that "the petitioner was provided with effective assistance of counsel and that all of the petitioner's remaining claims have been waived by virtue of the defendant's decision to enter into the Plea Agreement resulting in his imprisonment. The petitioner received presumptive sentences within the range of sentencing provided for in his plea agreement." (Ex. S and T.)

Petitioner filed a petition for review from the denial of his PCR with the Arizona Court of Appeals. (Ex. U.) Petitioner stated that he "was denied effective assistance of counsel, Arizona Revised Statue 13-3102(A)(4) constitutes double jeopardy, the initial finding of probable cause was invalid, illegal and contrary to state law and established procedure, the indictment was insufficient as a matter of law, the statutes under which defendant was arrested and convicted are unconstitutional, defendant was not a prohibited possessor as defined by statute and the Superior Court lacked valid jurisdiction." (*Id*. at 5.) Petitioner argued that the trial court erred in summarily disposing of his claims because "if the judicial process and statute under which a defendant was convicted is constitutionally infirm then any judgment or sentence resulting from such a statute and process must therefore not only be invalid but also illegal and thus void." (*Id*.) The court of appeals granted review but denied relief in a memorandum decision on June 10, 2010. (Ex. V.) The appellate court ruled that because he pled guilty Petitioner waived his nonjurisdictional claims, "including his double-jeopardy claim, his due process claims, his claim that the indictment was insufficient, his claim that he had not properly been deprived of his right to bear arms so as to be a prohibited possessor, and his claims relating to the constitutionality of the prohibited-possessor statutes, except insofar as they

relate to the trial court's jurisdiction." (*Id*. at 4.) The appellate court further rejected Petitioner's IAC claim, finding Petitioner's claims "highly speculative, particularly in light of the police report stating that two officers had seen Swartz with a gun in his possession and the fact that Swartz would have faced two more felony charges had he proceeded to trial." (*Id*. at 7-8.)

Petitioner filed a petition for review with the Arizona Supreme Court on May 12, 2011. (Ex. W.) The Arizona Supreme denied review on September 6, 2011. (Ex. S.)

C.    Federal Habeas

Petitioner filed his federal habeas petition on January 4, 2012. (Doc. 1.) Petitioner presents four grounds in the Amended Petition in support of his request for habeas relief:

(1)    "Denial of right to representation by a competent attorney/ineffective assistance of counsel[;]"

(2)    "Conviction and punishment under Arizona Revised Statute []§ 13-3102(A)(4) the 'Prohibited Possessor Statute['] constitutes a violation of the Double Jeopardy Clause of the United States Constitution[;]"

(3)    "Petitioner was denied due process and proper and valid jurisdiction was denied to the Arizona Superior Court[;]" and

(4)    "Arizona Revised Statute []§ 13-3102(A)(4) is unconstitutional."

**II.    DISCUSSION**

A.    Standard of Review

Because Mitchell filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that AEDPA governs federal habeas petitions filed after the date of its enactment, April 24, 1996).

The AEDPA established a "substantially higher threshold" for habeas relief with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473, 475 (2007) (citations

omitted). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ... demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005). The court of appeals rejected Petitioner's claims on the merits in a reasoned opinion, and the state supreme court denied them without comment. (Exs. V, X.) Under the "look through" doctrine, Petitioner's claims are deemed to have been rejected for the same reasons given in the last reasoned decision on the merits. In this case the Court looks to the court of appeal's memorandum decision granting review of the trial court's order denying his PCR and denying relief. *See Ylst*, 501 U.S. at 802-06.

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state-court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled on other grounds Lockyer v. Andrade*, 538 U.S. 63 (2003). Habeas relief cannot be

granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). Nevertheless, while only Supreme Court authority is binding, circuit court precedent may be "persuasive" in determining what law is clearly established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at 1069.

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state-court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams,* 529 U.S. at 405–06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (*per curiam*). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams,* 529 U.S. at 406; *see Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams,* 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state-court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Visciotti,* 537 U.S. at

25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state-court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state-court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El,* 537 U.S. 322, 340 (2003) ( *Miller–El I* ); *see Taylor*, 366 F.3d at 999. In considering a challenge under § 2254(d)(2), state-court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan,* 550 U.S. at 473–74; *Miller–El II,* 545 U.S. at 240.

### B.    Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents do not contest the timeliness of the Petition. Upon review of the state-court record, the Court finds that, pursuant to the AEDPA, the Petition is timely.

### C.    Ground One

Petitioner alleges in Ground One of his Petition that counsel, appointed to

represent Petitioner until other counsel was appointed on May 19, 2009[3], was ineffective in his representation of Petitioner because he failed to communicate with Petitioner, failed to adequately or timely pursue an investigation of his case, and failed to appear for scheduled court hearings. (Petition, at 6.) Respondents concede that this claim was exhausted in state court, (Answer, at 7-9) but assert the claim lacks merit.

*Strickland v. Washington,* 466 U.S. 668 (1984) is the clearly established law for IAC claims. *See Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 780 (2011). When, as here, a defendant alleges IAC during a plea process, the two-part test in *Strickland* applies. *Wright v. Van Patten*, 552 U.S. 120, 128 (2008); *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). To prevail on a claim of IAC, "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (citing *Strickland*, 466 U.S. at 687); *see also Williams*, 529 U.S. at 390; *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The Court need not address both components of the test if petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.  Thus, a court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Smith v. Robbins*, 528 U.S. 259, 286 n.14. (2000) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") (quoting *Strickland*, 466 U.S. at 697). For reasons explained below, the Magistrate Judge finds that it is only necessary to address the prejudice prong to resolve Petitioner's IAC claim.

To establish prejudice, a prisoner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, --- U.S. ---, 131

---

[3] *See* Minute Entry date 5/19/09 (Ex. Z.)

S.Ct. 1388, 1403 (2011) (quoting *Richter*, 131 S.Ct. at 791).

In the context of guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.  A defendant may satisfy the prejudice prong by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 52, 58.

This Court's review of the Arizona Court's rejection of Petitioner's claim of ineffective assistance of counsel is "doubly deferential." *See Mirzayance,*  556 U.S. at 123 (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2004)(*per curiam*)). In reviewing a state court's resolution of an IAC claim, the Court considers whether the state court applied *Strickland* unreasonably:

> For [a petitioner] to succeed [on an ineffective assistance of counsel claim], ... he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (citations omitted). The petitioner bears the burden of proving his case, and must convince the district court by a preponderance of evidence of the facts underlying the alleged constitutional error.  *See Lambert*, 393 F.3d at 370 n.16 (citing *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994)). Given the uncertainty involved in plea negotiations, deference to the appellate court's determination is significant. *See Premo v. Moore*, --- U.S. ---, 131 S.Ct. 733, 744 (2011) ("The stakes for defendants are high, and many elect to limit risk by forgoing the right to assert their innocence.")

Petitioner makes no allegations in this Petition that he was prejudiced by counsel's failure to communicate with him, or to file motions and appear in court. Similarly, Petitioner failed to support his IAC claim in his PCR with allegations or evidence that he was prejudiced by counsel's allegedly deficient performance in this regard. (Exs. O and

U.) Because Petitioner must demonstrate both deficient performance and prejudice, this portion of his IAC claim is without merit. *See Mirzayance*, 556 U.S. at 122. Petitioner has not suggested any additional information he may have provided to counsel during their meetings, or what meritorious motions counsel should have filed. Petitioner offers no basis for the District Court to conclude that the state court's finding of no ineffective representation was an unreasonable determination of the facts, or an unreasonable application of, or contrary to, federal law. Thus, Petitioner's claim of IAC as it relates to a failure to communicate, file motions or appear in court is without merit.

Petitioner alleged, in his PCR, that his attorney's failure to pursue investigative leads resulted in the loss of exculpatory evidence, which "was a pivotal reason [he] decided to accept the offered plea bargain." (Eh. O, at 2.) Whether a petitioner can prevail on a claim of ineffective assistance of counsel for failure to investigate a potential defense depends in large part on whether the potential defense "likely would have succeeded at trial."  *Hill*, 474 U.S. at 59; *see also Lambert*, 393 F.3d at 982 ("Where the alleged error is counsel's failure to investigate a potential defense, the salient inquiry is whether discovery of the evidence would have led counsel to change his recommendation as to the plea. In turn, the result of this inquiry may depend on whether the defense would have likely succeeded at trial.")(internal quotation marks, brackets and citation omitted).

Petitioner provided his own statement that the attorney's failure to pursue investigative leads had resulted in the loss of exculpatory evidence because "witnesses moved or changed jobs and were no longer available to testify. Also, two (2) videotapes that would have provided exculpatory evidence were lost" because of the attorney's failure to timely secure them. (Ex. AA, at 2.) Petitioner did not state what witnesses were no longer available to testify, what their testimony would have been, or what was on the videotapes. Petitioner did attach to his PCR a copy of a letter that he sent to the State Bar of Arizona in which he asserts that his counsel, despite stating he was prepared to go to trial, had not interviewed two store clerks and two security guards that could have verified that he was not in possession of a gun. (Ex. CC, at 2.)

Petitioner has not shown that the Arizona court's decision, finding his allegations of prejudice merely speculative, involved an unreasonable application of clearly established federal law. The state appellate court considered the evidence submitted in support of Petitioner's allegation that counsel's failure to adequately investigate "was one of the main reasons [he] decided to accept the state's plea offer rather than go to trial" and affirmed the trial court's ruling. The appellate court elaborated on the trial court's finding that Petitioner "was provided with effective assistance of counsel" by considering the evidence of petitioner's guilt and the benefit he would gain from entering the plea agreement and found that Petitioner's assertion was "highly speculative" in light of the police report stating that two officers had seen Petitioner with a gun in his possession and the fact that Petitioner would have faced two more felony charges had he proceeded to trial. (Ex. V, at ¶¶ 12–13.) This application of *Strickland* was not unreasonable.

Petitioner pled guilty in cause number '3507 to possession of a deadly weapon by a prohibited possessor. (Ex. A.) According to the police report attached to Petitioner's PCR, at least one, and most likely two, police officers saw Petitioner in possession of a gun. (Ex. DD.) Given this strong evidence of Petitioner's guilt, even assuming that Petitioner's counsel failed to adequately pursue the investigative leads, there was little likelihood that the evidence would have changed the outcome had Petitioner gone to trial. Thus, there is no likelihood that this evidence would have caused Petitioner's counsel to change his recommendation that Petitioner accept a plea agreement, particularly in light of the dismissal of the two additional felony charges. Accordingly, Petitioner was not prejudiced by counsel's performance. The state court's determination of this issue was not an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d). Accordingly, the Magistrate Judge recommends denying the Petition with respect to Ground One.

D.   Ground Two

Petitioner alleges in Ground Two of the Petition that conviction and punishment under A.R.S. § 13-3102(A)(4), the "prohibited possessor statute" constitutes a violation

- 11 -

of the Double Jeopardy Clause of the United States Constitution. (Petition, at 7.) Respondents concede that this claim is cognizable on habeas review, but assert that it is without merit. (Supplemental Answer, at 3.)

The state court found this claim waived by virtue of Petitioner's valid guilty plea. (Ex. V, at ¶ 7.) Generally " 'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' " *United States v. Broce*, 488 U.S. 563, 574 (1989) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) *( overruled in part on other grounds by Puckett v. United States*, 556 U.S. 129 (2009)). This rule is predicated on the idea that a valid guilty plea "removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n. 2 (1975).

Nevertheless, "even though the guilty plea may establish factual guilt, it will not bar all constitutional claims." *Journigan v. Duffy*, 552 F.2d 283, 288 (9th Cir. 1977) A defendant's plea of guilty does not foreclose a subsequent challenge when the defendant's right was the "right not to be haled into court at all." *Broce*, 488 U.S. at 574–75 (citing *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974)). "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna,* 423 U.S. at 62 (citing *Blackledge*, 417 U.S. at 30). A plea of guilty does not waive a claim that "judged on its face the charge is one which the State may not constitutionally prosecute", including a claim of a double jeopardy violation. *Id*. at 62, n.2. Because the state court found this claim waived by entry of Petitioner's guilty plea, "there is no state court decision on [the] issue to which to accord deference," and the claim is reviewed *de novo*. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *see also Brazzel v. Washington*, 491 F.3d 976, 983 (9th Cir. 2007). Accordingly, the Magistrate Judge addresses the merits of Petitioner's double jeopardy claim.

The specific terms of a plea agreement may waive a double jeopardy claim. *See Ricketts v. Adamson,* 483 U.S. 1, 8 (1987) (agreeing that the specific terms of plea

agreement entered into by defendant removed the double jeopardy bar to second prosecution).

In this case, Petitioner's plea agreement in cause number '3507 provided:

> Defendant hereby waives any right to raise and/or appeal any and all motions, defenses, probable cause determinations, restitution orders, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence upon defendant.

(Ex. A at § I.)

In *Lemke v. Ryan*, the Ninth Circuit considered whether a clause in a plea agreement, similar to that entered into by Petitioner in this case, which waived "all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him" waived a federal habeas petitioner's right to raise a double-jeopardy claim. 719 F.3d 1093, at 1098 (9th Cir. 2013). The Ninth Circuit suggested, without deciding, that while such a defense can be waived, such a conclusion was not compelled by the specific terms of Lemke's plea agreement and proceeded to consider the merits of the claim. *Id.* at 1098 (distinguishing the terms of Lemke's plea agreement with the specific terms of the plea agreement at issue *Adamson*). Because *Lemke* calls into question the validity of Petitioner's waiver as it relates to his double-jeopardy claim, the Magistrate Judge will address the merits of Petitioner's claim.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Const. Amend. V.* The Double Jeopardy Clause protects a defendant against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696, (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969) *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). However, only where "the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test," does the double jeopardy bar apply. *Id.* The "same-elements" test was enunciated by the Supreme Court in *Blockburger v. United States*: "[W]here the same act or transaction

- 13 -

constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932).

In cause number '3507 Petitioner pled guilty to, and was convicted of, misconduct involving weapons, in violation of A.R.S. § 13–3102(A)(4), which requires proof that 1) he knowingly possessed a deadly weapon and 2) that he was a prohibited possessor; that is, he had been convicted of a felony and had not had his rights to carry a firearm restored. *See* A.R.S. §13-3102(7) (defining the term "prohibited possessor"). Pursuant to the terms of Petitioner's plea agreement, Petitioner admitted a prior historical conviction in Pima County Superior Court for burglary in the third degree, in violation of A.R.S. § 13–1506(A). (*See* Ex. A, §1; Ex. EE) The elements supporting a conviction for third degree burglary are that a defendant: 1) enter or remain unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard; 2) with the intent to commit any theft or any felony therein. *State v. Hamblin*, 217 Ariz. 481, 483 (App. Div. 2, 2008). Petitioner does not allege that the offenses contain the same elements. Neither does Petitioner dispute that these offenses contain different elements. Petitioner asserts that "because possession of a firearm is not a crime," it cannot be an element of an offense and he was being punished "solely upon the prior felony for which Petitioner was already punished." (Petition, at 7.) As Respondents correctly note:

> Petitioner's argument conflates the concepts of elements of a crime with the crime itself. Possession of a deadly weapon is an element of the offense of weapons misconduct; it does not matter whether "in and of itself" it is criminal. Because Petitioner's prior felony conviction for third-degree burglary and his conviction for weapons misconduct do not contain the same elements, his conviction for weapons misconduct does not violate his double jeopardy rights.

Accordingly, the Magistrate Judge recommends denying the Petition with respect to Ground Two.

### E.    Ground Three

Ground Three of the Petition, alleges a due process violation based on the trial

- 14 -

court's lack of jurisdiction over Petitioner's case because (a) the weapons misconduct statute is unconstitutional; (b) the initial finding of probable cause and the grand jury proceedings were improper because of the use of perjured testimony and incompetent witnesses; (c) the grand jury indictment was deficient as a matter of law; and (d) he was not a prohibited possessor and has never had a suspension of rights or "civil death" imposed upon him by a valid court of law. (Petition, at 8.)

Respondents contend that Ground Three (a) is cognizable on federal habeas review, but is without merit. (Supplemental Answer, at 3 and 5.) Respondents argue that Petitioner has waived Grounds Three (b) and (c), and, additionally, these claims fail to raise a federal question, and are thus not amenable to federal habeas review. (Supplemental Answer, at 4.) Respondents argue that Ground Three (d) is essentially a challenge to the sufficiency of the evidence, and as such, was waived by the entry of a guilty plea. (Supplemental Answer, at 5.)

Grounds Three (b) and (c) are non-cognizable on habeas review because they are waived by entry of a guilty plea, and they do not relate to the power of the State to bring Petitioner into court. *See Menna*, 423 U.S. at 62. Additionally, despite Petitioner's allegation of a due process violation, Petitioner's claims raise only allegations of violations of state law. Petitioner asserts, as he did in his PCR, that the finding of probable cause and the grand jury proceedings were in violation of Arizona law, the Arizona Rules of Criminal Procedure, and the Arizona Rules of Evidence. (Petition, at 8; Ex. O, at 8–17.) Petitioner also asserts, as he did below, that the grand jury indictment was deficient as a matter of law because the grand jury did not comply with Arizona law in indicting him. (Petition, at 8; Ex. O, at 17–18.) To the extent that petitioner is contending that the trial court erred as a matter of state law, his claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained

in violation of some provision of the United States Constitution."); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000). Merely asserting that errors in state law resulted in a violation of due process does not suffice to raise a question of federal law for purposes of federal habeas review; Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Accordingly, the Magistrate Judge recommends dismissing Grounds Three (b) and (c) because they are non-cognizable claims for purposes of federal habeas review.

Petitioner claims, in Ground Three (d), that he "was not a 'prohibited possessor' and has never had a suspension of rights or 'civil death' imposed upon him by a valid court of law." (Petition, at 8) Petitioner asserts he raised this claim in his PCR, and refers the court to his PCR in support of his argument. In his PCR Petitioner argued that under state law he was not a prohibited possessor because his right to possess a gun was not taken away by judicial action but, rather, automatically by statute upon conviction of a felony. *See* A.R.S. § 13–904(A)(5) (providing that conviction for a felony suspends a person's right to possess a firearm); § 13–3101(7)(b) (defining prohibited possessor as, e.g., a convicted felon whose right to possess a firearm has not been restored). (Petition, at 8, Ex. O, at 29–31.) Petitioner asserted in his PCR that A.R.S. § 13-904(A)(5) is an unconstitutional statute, in violation of his right to due process under state and federal law, because the statute "amounts to nothing more than a Bill of Attainder and violates Article III Distribution of Powers section of the Constitution of the State of Arizona." (Ex. O, at 31.) To the extent that petitioner is contending that the trial court erred as a matter of state law, his claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67–68 (reiterating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Smith v. Phillips*, 455 U.S. at 221 ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); *Park*, 202 F.3d at 1149.

- 16 -

1   To the extent Petitioner asserts he is not a "prohibited possessor" under state law,

2   and as such, his conviction violates due process, (*See* Ex. O, at 30), as Respondents

3   correctly explain:

4       This is not a claim that the State lacked the power to bring him into court
        on the charge of weapons misconduct. Rather, it is a claim that he did not
5       meet the requirements of the statute to be a prohibited possessor, which is
6       essentially a challenge to the sufficiency of the evidence. As such, it is
        waived by the entry of a guilty plea.
7

8   Accordingly, Petitioner waived this claim by entering a plea of guilty in state

9   court. *See Broce*, 488 U.S. at 573-574 (A defendant need not consciously waive "each

10  potential defense relinquished by a plea of guilty"; rather, "[r]elinquishment derives . . .

11  from the admissions necessarily made upon entry of a voluntary plea of guilty.")

12  Finally, though only apparent from a reading of Petitioner's PCR attached to his

13  federal habeas Petition and his Supplemental Reply (Doc. 20, at 5), Petitioner argues that

14  A.R.S. §13-904, which suspends the rights of a convicted felon to possess a gun or

15  firearm, is an unconstitutional bill of attainder, in violation of Article I, Section 10 of the

16  Constitution of the United States.[4] "[A] state court's decision is not contrary to or an

17

18      [4] Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is
        obligated to specify in a federal habeas petition all grounds for relief, as well as the facts
19      supporting each of these grounds. *See Mayle v. Felix*, 545 U.S. 644, 661 (2005)
        (observing that Rule 2(c) requires pleading "separate congeries of facts" in support of
20      each ground for relief); *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (observing that
        "notice" pleading in habeas is insufficient and that petition "is expected to state facts that
21      point to a 'real possibility of constitutional error' ") (quoting Advisory Committee Note
        to Rule 4, Rules Governing Section 2254 Cases). Martinez's Petition is defective because
22      it does not provide enough specific facts in support of Ground One (A), to enable a court
        to tell from the face of the Petition whether further habeas review is warranted. *See*
23      *Shepherd v. Nelson*, 432 F.2d 1045, 1046 (allegation that petitioner was deprived of his
        rights and cross-examination was properly dismissed as a bare conclusion, unsupported
24      by allegations of underlying fact); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir.
        1990) (holding that "in order to substantially comply with the Section 2254 Rule 2(c), a
25      petitioner must state specific, particularized facts which entitle him or her to habeas
        corpus relief for each ground specified. These facts must consist of sufficient detail to
26      enable the court to determine, from the face of the petition alone, whether the petition
        merits further habeas corpus review."); *see also* Rules Governing Section 2254 Cases In
27      The United States District Courts 2(c), 4 (1996). Conclusory allegations which are not
        supported by a statement of specific facts do not warrant habeas relief. *Boehme v.*
28      *Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970). Accordingly, dismissal of this claim is

unreasonable application of clearly established Supreme Court precedent unless that precedent is closely on point." *John-Charles v. California*, 646 F.3d 1243, 1248 (9th Cir. 2011)(citing *Van Patten*, 552 U.S. at 125 (holding that the state court's decision was not an unreasonable application of Supreme Court precedent where no Supreme Court decision "squarely addresses the issue" in the case or gives a "clear answer to the question presented"); *Musladin*, 549 U.S. at 77).

Bills of attainder are prohibited by the United States Constitution: "No State shall . . . pass any bill of attainder." U.S. Const. art. I, § 10, cl.1. A bill of attainder is a legislative act which inflicts punishment without a judicial trial. *Cummings v. Missouri*, 4 Wall. (71 U.S.) 277, 323 (1866); *Nixon v. Administrator of Gen'l Servs.*, 433 U.S. 425, 468 (1977). "A given statute must satisfy three requirements to meet this definition: 'specification of the affected persons, punishment, and lack of judicial trial.' *Selective Serv. Sys. v. Minnesota Pub. Int. Research Group*, 468 U.S. 841, 847, 104 S.Ct. 3348, 3352, 182 L.Ed.2d 632 (1984)." *Atonio v. Wards Cove Packing Co,. Inc.*, 10 F.3d 1485, 1495-96 (9th Cir. 1993). Absence of the first requirement alone is dispositive, and the Court need not address the remaining requirements. *See United States v. Munsterman*, 177 F.3d 1139, 1141 (9th Cir. 1999). The undersigned is unaware, and Petitioner cites no controlling precedent, which recognizes or extends these Supreme Court principles to find unconstitutional state legislation prohibiting and criminalizing the possession of firearms by a convicted felon.

Notwithstanding the Supreme Court's silence on the specific issue at hand, this Court must consider whether the state court's ruling constitutes an unreasonable application of the general principles enunciated by the Supreme Court. The Supreme Court has held that even a general standard "may be applied in an unreasonable manner"; a state court does so when no "reasonable interpretation of the controlling [Supreme Court] standard" can "support [the state court's] legal ruling." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)(citations omitted). "The more general the rule, the more leeway

warranted on this basis alone.

courts have in reaching outcomes in case-by-case determinations." *Harrington*, --- U.S. ---, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted).

The Ninth Circuit, considering a federal statute making it unlawful for any person who has been indicted for or convicted of a felony to transport in interstate commerce any firearm or ammunition found that because there is no absence of trial, since both the prior conviction and the relevant elements of the federal statute must be judicially established, the statute was not a bill of attainder.[5] *Williams v. United States*, 426 F.2d 253, 255 (9th Cir. 1970); *see also Munsterman*, 177 F.3d at 1142 (statute making it unlawful to sell a firearm to person under indictment for a felony, or for such a person to receive a firearm shipped in interstate or foreign commerce, is not a bill of attainder because it is reasonably calculated to achieve a non-punitive public purpose, *i.e.*, to keep firearms out of the hands of person with a somewhat greater likelihood than other citizens to misuse firearms).

Furthermore, this conclusion that the prohibition against bills of attainder does not apply to the prohibition of firearm possession by felons or those under indictment is consistent with the decisions of other courts outside this circuit that have addressed this or a similar issue. *See United States v. Donofrio*, 450 F.2d 1054, 1056 (5th Cir. 1972)(criminal legislation prohibiting possession of weapon by convicted felon is not a prohibited bill of attainder because it is designed to accomplish a legitimate governmental purpose and is a constitutional exercise of legislative power); *United States v. Hemmings*, 258 F.3d 587, 594-595 (7th Cir. 2001) (Statute prohibiting being felon in possession of firearm was not "bills of attainder"; statute did not determine guilt based on prior felony convictions, nor did it remove protections of trial); *United States v. Stanko*, 641 F.Supp.

---

[5] The Constitution also forbids passage of bills of attainder by Congress. U.S. Const. art. I, § 9, cl. 3. There is no distinction in analysis between the Bill of Attainder Clauses in section 10, which applies to the states, and in section 9, which applies to Congress. *SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 672 n.6 (9th Cir. 2002)(citing *Fresno Rifle & Pistol Club, Inc. v. Van De Kamp*, 965 F.2d 723, 728 (9th Cir, 1992)).

866, 871 (D. Neb. 2009)(Because Congress has the power and authority to target citizens convicted of dangerous and violate crimes and to impose the punishment of losing their right to bear arms conviction for being a felon in possession of a firearm is not the result of a bill of attainder); *United States v. Guidry*, 2008 WL 1886088 (W.D. La March 18, 2008)(recommending that statute criminalizing possession of a firearm by a convicted felon did not constitute a prohibited bill of attainder given that it did not determine guilt or remove the protections of a trial); *See also State v. Swartz*, 601 N.W.2d 348 (Iowa 1999)(state statute banning possession of a firearm by a felon did not constitute unlawful state bill of attainder since the individual was given a jury trial on the charge prior to the imposition of punishment); *State v. Whitaker*, 364 N.C. 404 (2010)(same).

Thus, it is evident that "fairminded jurists" could conclude that criminal legislation which punishes the possession of a firearm by a convicted felon, such as A.R.S. § 13-904(A)(5) is not an unlawful bill of attainder. Accordingly, Petitioner has failed to demonstrate that the state court's conclusion was contrary to or an unreasonable application of Supreme Court precedent.

Finally, Petitioner argues in Ground Three (a) that A.R.S. 13-3102(A)(4) is an unconstitutional statute. Respondents concede that this claim was not waived by Petitioner's entry of a guilty plea. Accordingly, this claim will be addressed on the merits. Because this claim is related to Ground Four of the Petition, it is addressed together with this claim in the following section.

F.    Ground Three (a) and Ground Four

In Grounds Three (a) and Four of the Petition, Petitioner argues that A.R.S. § 13-3102(A)(4) is unconstitutional because (1) it is overbroad and vague, and cannot stand alone; (2) does not give adequate notice; (3) constitutes a status crime involving selective prosecution; (4) requires a mandatory presumption of *mens rea*; and (5) constitutes automatic punishment by the state legislature and state law rather than punishment imposed by a valid court of law. (Petition, at 8-9)

The court of appeals resolved these claims by reference to several Arizona cases

rejecting Petitioner's claims. (Ex. V, at 5–6.) Petitioner has not met his burden of demonstrating that the state court's resolution of this issue was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

Petitioner relies on the attachment to the Petition of his pleadings in state court to fully argue these claims. As noted above in footnote 3 regarding Ground Three (d), the attached documents do not suffice to raise and argue Petitioner's federal claims. While the Court is mindful of the leniency granted to the interpretation of *pro se* pleadings, "this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner." *Burkey v. Deeds*, 824 F.Supp. 190, 193 (D.Nev. 1993). A Federal Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The only federal claim made clear in the Petition is that the weapons misconduct statute is unconstitutional because it infringes on his right to bear arms. (Petition, at 9.) As noted by Respondents, there is no clearly established federal law by the Supreme Court that a convicted felon has a Second Amendment right to possess firearms; in fact, the Court has indicated the opposite. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (explaining that "the right secured by the Second Amendment is not unlimited. . . .[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *see also United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010)(rejecting argument that the Court's identification of felons as categorically different from the individuals who have a fundamental right to bear arms in *Heller* is *dicta* because it is an integral limitation on the holding in *Heller*.)

Petitioner also asserts that the statute is unconstitutional because prosecution under it constitutes "selective prosecution." To the extent this can be understood as an equal protection claim despite his failure to cite any constitutional provision, as Respondents assert, his claim also fails because the Supreme Court has held that statutes that prohibit felons from possessing weapons do not violate equal protection. *Lewis v. United States*,

445 U.S. 55, 65–66 (1980). Thus, the state court's rejection of Petitioner's claim that Arizona's weapons misconduct statute is unconstitutional, and his related claim that the state courts therefore lacked jurisdiction to convict him, were not unreasonable applications of federal law. Accordingly, the Magistrate Judge recommends denying the Petition with respect to Grounds Three (a) and Four.

G.   Evidentiary Hearing

Petitioner requests an evidentiary hearing. (Petition, at 11.) As Respondents correctly note, Petitioner is not entitled to an evidentiary hearing in this Court. The Supreme Court's recent decision in *Pinholster* makes clear that review of § 2254(d) claims "is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. All Petitioner's claims, even those summarily denied by the state courts, were adjudicated on the merits. *Id.* at 1402.

**III.   CONCLUSION**

The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). **No reply to any response shall be filed**. *See id.* If objections are filed the parties should use the following case number: **CV 12-0023-TUC-FRZ.**

If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 15th day of April, 2014.

Bernardo P. Velasco
United States Magistrate Judge

- 22 -